UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN JACOBS, | : | CIVIL NO: 1:14-CV-00904 |
| | : | |
| Petitioner | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JOHN KERESTES, et al., | : | |
| | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

### I. Introduction.

The petitioner, Steven Jacobs, a prisoner at the State Correctional Institution at Mahanoy, filed a petition for a writ of habeas corpus claiming that the Pennsylvania Board of Probation and Parole denied him reparole in violation of his right to substantive due process. For the reasons set forth below, I recommend that the petition for a writ of habeas corpus be denied.

### II. Background and Procedural History.

In 2010, Jacobs was sentenced in the Court of Common Pleas of Philadelphia County for robbery. *Doc. 10-1* at 2. The Pennsylvania Board of Probation and Parole (Board) paroled Jacobs in 2011. *Doc. 10-1* at 6. Jacobs's freedom was short lived, however, because in 2012, the Board revoked his parole

after Jacobs admitted to violating a parole condition that imposed a curfew. *Doc. 1* at 7. The Board recommitted Jacobs as a technical parole violator, and it ordered him to serve nine months backtime. *Id.* In June of 2013, and again in April of 2014, the Board denied Jacobs reparole. *Doc. 1* at 8 & 13. In its April 2014 decision—its most recent decision—the Board listed the following reasons for denying Jacobs reparole: (1) Jacobs's unacceptable compliance with prescribed institutional programs; (2) his institutional behavior, including reported misconducts; (3) the negative recommendation of the Department of Corrections; and (4) Jacobs's failure to demonstrate motivation for success. *Doc. 1* at 13. The Board ordered Jacobs to serve his maximum sentence, which expires on January 22, 2015. *Id.*

On May 12, 2014, Jacobs filed the current petition for a writ of habeas corpus claiming that the Board violated his right to substantive due process. He asserts that the Board's decision to deny him reparole was arbitrary, pretextual, and vindictive. The respondents filed a response to the petition asserting that Jacobs has no right to parole. Jacobs filed a reply, and the case is ripe for disposition.

**III. Discussion.**

The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S.

Const. amend. XIV. The Due Process Clause contains a substantive component as well as a procedural component. *New Jersey Retail Merchants Assoc. v. Sidamon-Eristoff,* 669 F.3 374, 398 (3d Cir. 2012). Substantive due process "limits what the government may do regardless of the procedures that it employs." *Evans v. Secretary Pennsylvania Dept. of Corrections,* 645 F.3d 650, 659 (3d Cir. 2011). The substantive due process analysis differs depending upon whether the challenged action is legislative or executive. *Id.* When, as in this case, the challenged action is executive, the question is whether the action "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* (quoting *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 847 n.8 (1998)). "The conduct must be "intended to injure in some way unjustifiable by any government interest. . . ." *Newman v. Beard,* 617 F.3d 775, 782 (3d Cir. 2010)(quoting *Lewis,* 523 U.S. at 849).

The Board has broad discretion in deciding when, or if, a prisoner should be released on parole. *McGill v. Pennsylvania Dept. of Health, Office of Drug and Alcohol Programs,* 758 A.2d 268, 271 (Pa.Commw.Ct. 2000). But the Board may not arbitrarily deny parole on the basis of impermissible criteria such as race, religion, or the exercise of free speech rights, or on criteria with no rational relationship to the purpose of parole. *Block v. Potter*, 631 F.2d 233, 236-37 (3d Cir. 1980). Still, "federal courts are not authorized by the due process clause to

second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn,* 251 F.3d 480, 487 (3d Cir. 2001).

In this case, the Board did not base its decision to deny reparole on impermissible criteria such as race, religion, or the exercise of free speech rights. The Board's reasons for denying reparole—Jacobs's unacceptable compliance with prescribed institutional programs; his institutional behavior, the negative recommendation of the Department of Corrections, and Jacobs's failure to demonstrate motivation for success—are legitimate reasons for denying reparole. Although Jacobs disagrees with the decision to deny him reparole and suggests that his technical parole violation did not warrant the denial of reparole after he served his nine months backtime, it was within the Board's discretion to determine that reparole was not appropriate under the circumstances.

Jacobs's contention that the Board's decision was arbitrary because he had served the nine months backtime imposed by the Board when it revoked his parole is meritless. "In Pennsylvania, backtime is considered to be a new minimum sentence, which only affects a parole violator's entitlement to seek reparole." *Montanez v. Thompson*, 603 F.3d 243, 251 (3d Cir. 2010); *see also Rivenbark v. Com., Pennsylvania Bd. of Prob. and Parole,* 501 A.2d 1110, 1113 n. 4 (Pa.1985) ("The period of recommitment set by the Board, which may be less than the

unexpired term of the parolee's sentence, simply establishes a new parole eligibility date for the parolee—it does not entitle him to release after that period of time. Upon completion of this period of backtime, the parolee has the right to again apply for parole and have his application considered by the Board."). The fact that Jacobs served the nine months backtime does not mean that he is entitled to release or that the Board's decision to deny him reparole was arbitrary.[1]

In sum, the Board's conduct was not arbitrary and it does not shock the conscience. Accordingly, the Board did not violated substantive due process, and so Jacobs is not entitled to habeas relief.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, we recommend that the petition for a writ of habeas corpus be denied.

---

[1] 61 Pa.C.S.A. § 6138(d)(3) currently provides that "[a] technical violator recommitted to a State correctional institution . . . shall be recommitted as follows: . . .(3) Except as set forth in paragraph (4) or (5), the parolee shall be recommitted for one of the following periods, at which time the parolee shall automatically be reparoled without further action by the board:. . .(i) for the first recommitment under this subsection, a maximum period of six months. (ii) for the second recommitment under this subsection for the same sentence, a maximum of nine months. (iii) For the third or subsequent recommitment under this subsection for the same sentence, a maximum of one year." But that provision, which was enacted by the Act of July 5, 2012, P.L. 1050, did not become effective until January 2, 2013. *See Welshimer v. Pennsylvania Bd. of Prob. & Parole,* 83 A.3d 277, 279 (Commw. Ct. 2014). Further, it does not apply to a parole violator, such as Jacobs, who was recommitted prior to its effective date. *Id.*

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of October, 2014.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
